John P. DALEY, Minerva B. Daley, Morris Daley, Zelma B. Daley, William Radtke, Clara Radtke, and Homer Bosse, Trustee of the Estates of Morris K. Daley, Alice M. Daley, Susan R. Daley, James D. Daley, Kathryn F. Daley and Peter D. Daley, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. 31758.

United States District Court
N. D. California, S. D.

Feb. 29, 1956.

Eric Sutcliffe, William D. McKee, Orrick, Dahlquist, Herrington & Sutcliffe, San Francisco, Cal., for plaintiffs.

Lloyd H. Burke, U. S. Atty., Lynn Gillard, Asst. U. S. Atty., San Francisco, Cal., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Allen A. Bowden, Attys., Dept. of Justice, Washington, D. C., for defendant.

GOODMAN, District Judge.

This is an action for the refund of income taxes paid for the year 1942, on the ground that the income reported for that year should properly have been reported for the year 1943 when it would have been substantially offset by certain losses. The income in question in its entirety represented the receipts from a Government contract for the construction, during World War II, of a Japanese Relocation Center at Delta, Utah. This contract was entered into on July 8, 1942, between the United States and a construction firm known as Daley Bros., Ltd., a partnership composed of John P. Daley, Morris Daley, and Homer Bosse, trustee for the Daley brothers' children. Prior to this time, since 1935, John and Morris Daley had engaged in the construction business as a co-partnership known as Daley Bros. On June 30, 1942, Bosse, the trustee, joined the partnership as a limited partner, and the business was continued as Daley Bros., Ltd. Upon the securing of the so-called Delta contract, Daley Bros., Ltd., together with one William Radtke entered into a special partnership or joint venture, known as Daley Brothers Delta War Venture, for the purpose of performing the contract. The evidence is clear that William Radtke did not join the firm of Daley Bros., Ltd. as a partner, but that Daley Brothers Delta War Venture was a separate and distinct business entity composed of Delta Bros., Ltd. and William Radtke. Thus we may put aside at the outset, plaintiffs' contention that Daley Brothers Delta War Venture was no more than a continuation of the firm of Daley Bros., Ltd. with an additional partner, and was consequently required to follow the same accounting method in reporting its income as had been theretofore used by Daley Bros.

The Delta contract was originally scheduled to be completed on September 6, 1942. The completion date was thereafter extended several times, and finally on December 5, 1942, was extended to February 16, 1943. The contract work was in fact completed and accepted as satisfactory on behalf of the United States as of that date, although it was testified that certain matters concerning the contract were not finally settled until the following September.

Daley Brothers Delta War Venture filed a partnership income tax return for the year 1942 in which it reported as income all of the receipts from the Delta contract. In 1947, it filed an amended return for 1942 in which it reported no income for that year, and an amended return for 1943 in which it reported all of the receipts from the Delta contract as income for that year. Along with the amended partnership returns, plaintiffs filed amended individual returns and claims for refund. The amended returns and the refund claims were rejected.

Plaintiffs alleged in their claims for refund and in the complaint herein that the income from the Delta contract has been accounted for by Daley Brothers Delta War Venture by what is known as the completed contract method. Inasmuch as the Delta contract was not completed until 1943, they asserted that the contract income was properly reportable for the year 1943, and has been erroneously reported in the 1942 return. The Government rejected the claims for refund and opposes the present action on the ground that Daley Brothers Delta War Venture, in reporting all of the receipts from the Delta contract on its 1942 return, did not err in applying the completed contract method of accounting, but in fact intentionally adopted the accrual method of accounting for its income.

█ Both the accrual method and the completed contract method are permissi-

ble methods of reporting income by a business engaged in performing construction contracts. By the accrual method, of course, income is reported in the year in which the right to receive it accrues. By the completed contract method, income from a construction contract is not reported as income until the year the contract is completed even though some of the income may have accrued or have been received in a prior year. The completed contract method is not an accounting method in the sense that it accounts for receipts and disbursements on a day to day basis. It is a practice of treating receipts from a contract as income as of a particular time; namely, the completion date of the contract. This is its fundamental feature.

■■ The reporting by Daley Brothers Delta War Venture of all of the receipts from the Delta contract as income on the 1942 return was not the result of a mistaken belief on the part of anyone that the contract was completed in 1942. At the time the return was filed the taxpayers could not have had the slightest doubt that the contract was not completed until 1943. The testimony of the accountant for Daley Brothers Delta War Venture that he prepared the return in the belief that the Delta contract had been completed in 1942 is not credible. Inasmuch as the fundamental aspect of the completed contract method of accounting is to report contract receipts as income in the year the contract is completed, there is no merit to the contention that the intention was to report the receipts from the Delta contract by the completed contract method in the 1942 return. It is clear that all of the income from the Delta contract was intentionally reported as accruing during the year 1942, and that the accrual method of accounting for such income was thereby adopted. It is not inappropriate to comment that the taxpayers' financial status at the close of 1943 made it advantageous ex post facto to report the Delta income in the 1943 return. It does appear that some of the Delta con-

tract income in fact did not accrue until 1943 and was improperly included in the 1942 return. To this extent the 1942 return was erroneous. But that error cannot be reached or corrected in this action. For plaintiffs in their refund claims and in the complaint herein sought refunds solely on the ground that all of the Delta contract receipts had been erroneously reported as income in 1942 as a result of a mistaken application of the completed contract method of accounting.

Judgment will enter for defendant upon findings presented according to the Rules.